UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ESTUARDO GUTIERREZ ORELLANA,

              Plaintiff,

- against -

SLAB BUILDERS, LLC, ET AL.,

              Defendants.

24-cv-9532 (JGK)

ORDER

---

JOHN G. KOELTL, District Judge:

    The defendant Slab Builders, LLC ("SBL") removed this action from New York state court to this Court on December 13, 2024. ECF No. 2. The only basis for subject-matter jurisdiction alleged in the Notice of Removal is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Id. But "[i]n order to exercise supplemental jurisdiction, a federal court must first have before it a claim sufficient to confer subject matter jurisdiction." Montefiore Med. Ctr. v. Teamsters Loc. 272, 642 F.3d 321, 332 (2d Cir. 2011); Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 554 (2005).

    The Notice of Removal fails to show that this Court has subject-matter jurisdiction to hear this case. The plaintiff, Estuardo Gutierrez Orellana, is domiciled in New York. ECF No. 2-1 at ¶ 1. The defendants Ruth Miller and Matthew Miller are both also domiciled in New York. ECF No. 2-1 at ¶¶ 2-3. In short, complete diversity is absent. And there are no federal

claims alleged in this case. Moreover, the fact that SBL appears to seek to have this case consolidated with another case pending in this Court, see ECF No. 2, does not provide federal jurisdiction over this case, see Exxon Mobil at 545 U.S. at 554. Accordingly, in this case, there is no basis for federal subject-matter jurisdiction.

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Clerk is directed to remand this case to New York State Supreme Court, New York County, and to close this case on the docket of this Court.

**SO ORDERED.**
**Dated:    New York, New York**
**         December 18, 2024**

_____
John G. Koeltl
**United States District Judge**